### 25996. JONES v. THE STATE.

NICHOLS, Justice. The defendant was convicted for the 1964 murder of Glen Howell and the conviction affirmed on appeal. *Jones v. State,* 220 Ga. 899 (142 SE2d 801). Thereafter, pursuant to a petition for a writ of habeas corpus filed in Federal court the conviction was set aside and the prisoner remanded to custody for another trial.

A second indictment was returned by the grand jury of Fulton County and on the second trial the defendant was again convicted and the sole enumeration of error complains of the overruling of a motion for autrefois convict and the overruling of a motion for mistrial made during the trial. *Held:*

1. A motion of autrefois conviction must be in writing and if made orally this alone is a sufficient ground to authorize overruling it. See *Code* § 27-1501; *Brown v. State,* 223 Ga. 76, 82 (153 SE2d 709), and citations.

(a) However, even assuming that the motion in the present

case was in writing, no such motion appearing in the record, the trial court properly overruled the same since the prisoner sought the opportunity of going into jeopardy a second time, and the fact that the second trial was based upon a different indictment in no way violated any constitutional or statutory right of the defendant. Compare *Pride v. State*, 125 Ga. 750, 751 (54 SE 688); *Sims v. State*, 221 Ga. 190, 196 (144 SE2d 103); *Massey v. State*, 222 Ga. 143 (149 SE2d 118); *Staggers v. State*, 225 Ga. 581, 582 (170 SE2d 430). The first enumeration of error is without merit.

2. Under the decisions in *Withrow v. State*, 136 Ga. 337 (3) (71 SE 139); *Stanford v. State*, 201 Ga. 173 (3) (38 SE2d 823); *Young v. State*, 226 Ga. 553, 556 (176 SE2d 52); and similar cases it was not error to refuse to grant a mistrial after a witness for the State gave an unresponsive answer to a question on direct examination. The question and answer were: Q. "Who first had the gun that morning?" A. "Well, I never did see the gun. I don't know. I think the gun came off of somewhere we had burglarized and was in the car." The jury was properly instructed to disregard the unresponsive answer, and no error appears in this, the sole remaining enumeration of error.

*Judgment affirmed. All the Justices concur.*

Argued September 17, 1970—Decided October 8, 1970.

*Walter M. Henritze, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Tony H. Hight, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Dorothy T. Beasley, Assistant Attorneys General*, for appellee.

