28110. HARDWICK v. THE STATE.

SUBMITTED SEPTEMBER 10, 1973 — DECIDED OCTOBER 4, 1973.

*Nicholson & Fleming, George C. Nicholson, B. H. Barton,* for appellant.

*Richard Allen, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.

NICHOLS, Justice. ■ Under decisions exemplified by *Jones v. State,* 226 Ga. 747 (1) (177 SE2d 231), and the cases there cited where the prior conviction of the defendant was set aside by the efforts of the defendant to go into jeopardy a second time, the trial court did not err in overruling the plea of former jeopardy, and as was there held the fact that the second trial was based upon a different indictment no way violated any constitutional right of the defendant.

■ Where, as in the present case, separate offenses arising out of the same basic transaction are alleged in separate counts of an indictment, to wit, armed robbery of two victims and aggravated assault of two other victims, it is not error to overrule a motion to quash the indictment which contends that all the alleged crimes arose out of the same transaction. Compare *Gully v. State,* 116 Ga. 527 (42 SE 790), and citations as to each such count constituting a separate crime.

■ It is contended that the failure to retry the defendant within the six month limitation imposed by the federal court decision requires his release. Under the facts of this case such contention is without merit. The case was set for trial within such period of time. It was not tried because the defendant filed a second petition for removal to the federal courts and after such petition was dismissed by the federal court and the case again remanded to the

state court, the trial of the case was again delayed upon request of the defendant's counsel who was hospitalized as the result of a heart attack. Under such circumstances, it must be said that any delay in the retrial of the defendant was caused not by state's inaction, but by the action of and at the request of the defendant.

■ Where a special plea of insanity is filed and a jury trial had thereon, which verdict is adverse to the defendant, and the main case is not immediately thereafter tried, whether the defendant will be permitted to have another jury trial on a second special plea of insanity is a matter within the sound discretion of the trial court. Compare *Flanagan v. State,* 103 Ga. 619 (30 SE 550); *Brackett v. State,* 227 Ga. 493 (181 SE2d 380). This enumeration of error is without merit.

■ A challenge to the array of the traverse jury was made and overruled. The evidence submitted as to such issue may have authorized a finding that there had been *no systematic inclusion* of certain distinguishable and identifiable classes of persons, but it did not demand, if indeed it would have authorized, a finding that there had been a *systematic exclusion* of any such group or groups of persons. Nor would the excluded evidence of certain jurors as to the make up of isolated jury panels on which they have previously served have authorized a contrary finding. See *White v. State,* 230 Ga. 327 (196 SE2d 849), and cits. The trial court did not err in overruling the challenge to the array of the traverse jury.

■ The contention is made that the defendant was not properly arraigned in that the jury had not been impaneled at the time he was arraigned.

The language of the Code dealing with arraignment has not changed in substance since 1863. In 1866 this court held in *Bryans v. State,* 34 Ga. 323, that a jury cannot be impaneled and sworn until after arraignment. This law has not changed and as was held in that case, the issue is not joined until arraignment. Until arraignment or a waiver thereof there can be no jury impaneled and no placing of the defendant in jeopardy. The trial court did not err in ordering a plea of not guilty to be entered when the defendant stood mute upon his arraignment.

■ No reversible error being shown by any of the defendant's enumerations of error, the conviction must be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*