## 48524. HOLCOMB v. THE STATE.

ARGUED SEPTEMBER 11, 1973 — DECIDED OCTOBER 15, 1973 — REHEARING DENIED OCTOBER 31, 1973 —

*William O. Carter,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, David Betts, David Rogers,* for appellee.

DEEN, Judge. ■ A witness for the state volunteered the following testimony: "Harold Holcomb was standing there at the bar and he said, 'Someone as sorry as Rudy ought to be killed.' He said, 'What is the matter with Rudy?' I said, 'I don't know what you are talking about.' Somehow he thought Rudy told his Probation Officer. . . ." At this point a motion for mistrial was made which the court, after cautioning the jury at some length, overruled. The remark was not elicited by the prosecution but volunteered by the witness, and the court was scrupulously fair in attempting to disabuse the jury's minds of any remark calculated to put the defendant's character in issue. The statement itself was ambiguous since "his probation officer" could have referred either to Holcomb or Burroughs. Motions for mistrial are largely in the discretion of the trial judge, especially where the cause of the motion lies in the voluntary remark of a witness not invited by the court or counsel, and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned. *Hooks v. State,* 101 Ga. App. 351 (114 SE2d 48); *Hollis v. State,* 97 Ga. App. 145 (102 SE2d 610); *Johnson v. State,* 113 Ga. App. 361 (147 SE2d 878); *Jones v. State,* 226 Ga. 747 (2) (177 SE2d 231).

■ Where photographs of a deceased are not spectacularly gruesome, and where they do clearly indicate the cause of death, it is well settled in this state that they are admissible in evidence. *Bryan v. State,* 206 Ga. 73 (55 SE 574); *Henderson v. State,* 227 Ga. 68 (179 SE2d 76). Where, as here, the cause of death is not in dispute, and the defendant admits to having fired the fatal bullet, a trial judge would often be well advised to sustain an objection to their admissibility on the ground that they add nothing of probative value to the record. Nevertheless, under the decided cases the head and chest shots here were properly admitted in evidence.

■ The defendant signed a paper which was introduced in evidence and part of which stated: "Myself and wife and Jimmy Owens were standing outside talking when Rudy came out the door. Rudy hit my wife and caught her by her ponytail. Then Rudy

hit me and had me over a car and was beating me. I then pulled my gun out of my right pocket and shot Rudy. I fired my gun one time. Then Rudy ran back inside the club and I left and went home. Approximately two hours later the sheriff of Madison County came to my house and got me." Objection is made to instructions by the court on the subject of confession and flight on the ground that they are unsupported by the evidence. Mere incriminating statements will not authorize a charge on confessions. *Oliphant v. State,* 52 Ga. App. 105 (182 SE 523). Where the admission of homicide is coupled with facts showing excuse or justification, the statement is not a confession, and a charge on confessions is erroneous. *Pressley v. State,* 201 Ga. 267, 271 (39 SE2d 478); *O'Neal v. State,* 213 Ga. 232 (3) (98 SE2d 376). "A charge on confessions is authorized when the accused admits the homicide with which he is charged and in connection therewith states no facts or circumstances showing excuse or justification for the killing." *Weatherby v. State,* 213 Ga. 188, 190 (97 SE2d 698). The court here left to the jury a decision as to whether a confession was made or not and instructed that all admissions and confessions of guilt should be received with great caution. Whether the defendant's explanation of why he fired the pistol at the deceased amounts to a defense depends upon whether the jury believed, under the circumstances as it found them, that he acted in self defense under the fears of a reasonable man that his life was being threatened. The statement showed that the protagonists were surrounded by other people, and that the deceased was not armed (or at least it did not show that Holcomb believed he was armed). The statement also showed that the defendant after the first altercation, had left the tavern or club, and that he had returned, armed, and sought readmittance, at the time of the fatal confrontation. Under all these circumstances it was not error to charge the law of confessions, leaving it to the jury to determine whether the statement did in fact amount to a confession, and further it was not error, in view of the fact that the defendant left the scene, to charge the law relating to flight, also leaving the determination of the factual situation up to the jury.

"There is no law to prohibit a juror from taking notes of any of the evidence." *Thomas v. State,* 90 Ga. 437 (3) (16 SE 94). An interesting discussion on the practice of requiring, allowing or forbidding note taking by jurors in the various states may be found in United States v. Campbell, 138 F Supp. 344, and the conclusion is reached that the overwhelming weight of authority is to the

effect that apart from statute the matter of note taking by jurors depends on the facts involved, that most objections to the practice are far fetched and imaginary, and that in the absence of special and unusual circumstances the matter should be left to the trial judge. Again, in 14 ALR3d Anno. 831, 834, it is pointed out that most authorities sanction the propriety of note taking by jurors. This being so, we see no reason why the juror who has taken the notes may not keep them with him, just as he does such parts of the evidence in the case as he remembers in his mind, and that he should no more be forced to divulge his written than his subjective memories. The various objections lodged against the allowance of note taking by three of the jurors are without merit.

■ Holcomb does not contend, and there is no evidence to support the theory, that the pistol was fired accidentally or negligently. At the trial he testified that when Burroughs came toward him it scared him, and he just pulled the gun out, not meaning to shoot the man, and fired it one time. Thus, the defendant's theory, rather hazily expressed, was either that the shooting was the result of fear or that it was necessitated by self defense. The case for the state made out the crime of either murder or manslaughter, depending upon whether the jury believed the shot was fired (as they had a right to from other evidence) either deliberately or in the heat of passion in mutual combat. Under these circumstances, a charge on either grade of involuntary manslaughter is not required nor are instructions on misfortune or accident appropriate. *Golatt v. State,* 130 Ga. 18 (2) (60 SE 107); *Scott v. State,* 210 Ga. 137 (2) (78 SE2d 35).

■ The twelfth request to charge reads: "I charge you that if you believe from the evidence that the defendant reasonably believed that it was necessary to shoot the deceased to prevent great bodily injury or death to himself, or to prevent the commission of a forcible felony upon himself, the law says that under such circumstances the defendant would have been justified in using force likely to cause death or great bodily harm toward the deceased, including shooting the deceased, and if you should so find you should acquit the defendant." This request was refused, and the court nowhere instructed the jury that if they believed the defendant justified he should be acquitted. "Justifiable homicide is a substantive and affirmative defense; and where such defense is in issue and the court does not specifically, or in general terms, inform the jury that, if they should believe the defendant justified, it would be their duty to acquit him, a new trial must be granted."

*Boyd v. State*, 207 Ga. 567 (3) (63 SE2d 394); *Fountain v. State*, 207 Ga. 144 (3) (60 SE2d 433); *Spencer v. State*, 215 Ga. 183 (1) (109 SE2d 588), quoted in *Witt v. State*, 231 Ga. 4 (200 SE2d 112).

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*