### 50277. DONALDSON v. THE STATE.
### 50278. HENDERSON v. THE STATE.

QUILLIAN, Judge.

These two companion cases involve basically identical facts and arise out of the same incident. William Charles Donaldson (Case No. 50277) and James Lester Henderson (Case No. 50278) were indicted, tried and convicted for possession of marijuana (less than one ounce). They were both sentenced to serve 12 months each by the trial judge. Both defendants filed motions for new trial which were overruled and appeal was taken to this court.

The facts giving rise to the defendants' arrest are as follows. The defendant, Donaldson, was driving an automobile owned by the defendant Henderson. The defendant, Henderson, was asleep in the back seat of the automobile which was also occupied by two other individuals, both of whom were sitting in the front seat with the defendant Donaldson. The automobile was

stopped by a Jones County Deputy Sheriff to investigate a possible violation of driving under the influence of intoxicants. The deputy testified that the car had crossed over the center line. The defendant Donaldson consented to a test for intoxication conducted on the scene. This test was negative and he and the other members of the vehicle were released. The deputy testified that he had seen one of the other passengers who was sitting on the far right-hand side make a "throwing motion." He therefore searched around the car to see if any item had been thrown from such car but found none. However, after the car left he picked up a plastic bag which he suspected of being marijuana. He therefore pursued the car in which the defendants were riding, stopped it and placed them under arrest for the possession of marijuana. *Held:*

It is well established that merely having been in the vicinity of contraband does not, without more, establish possession. *Jones v. State,* 127 Ga. App. 137 (193 SE2d 38); *Ennis v. State,* 130 Ga. App. 716 (204 SE2d 519). "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 43 (172 SE2d 480). While *Gee* applies to premises, the same rule appertains to automobiles. *Elrod v. State,* 128 Ga. App. 250, 251 (196 SE2d 360). Here the contraband was not even found in the automobile.

In this case the evidence failed to show that either of the two defendants was in possession of contraband, and was insufficient to show that any conspiracy existed. *Brewer v. State,* 129 Ga. App. 118, 123 (199 SE2d 109). Hence, it was error to overrule the defendants' motions for new trial on the general grounds.

*Judgments reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED MARCH 10, 1975 — DECIDED MAY 9, 1975.

*Westmoreland, Patterson & Moseley, R. Robider Markwalter,* for appellant.

*Joseph H. Briley, District Attorney,* for appellee.