31432. PHILLIPS et al. v. THE STATE.

UNDERCOFLER, Presiding Justice.

Jimmy Lee Phillips, Larry D. Jarman, Jerry Kendrick and Ray Kenneth Kuma were convicted by a jury of two counts of armed robbery and sentenced to 20 years imprisonment on each count to run concurrently. They appeal, citing three enumerations of error. After careful review of the record, we affirm.

Evidence was introduced to show Kuma, Kendricks, and Jarman entered the lobby of Horne's Motor Lodge in Richmond County, Georgia, at 10 p.m. Phillips remained in a blue-and-white mustang at the rear of the lobby office. The three defendants asked Mrs. Jennie Brown, cashier of the motel, the price of a double room for four persons. Another patron, Roy Josey, was also in the lobby, and shortly after entry, defendant Kendrick pulled a gun, held it to Mr. Josey's head, and took his wallet containing $484 in cash, a deputy sheriff's badge, credit cards and other identification papers. Defendant Kuma vaulted a counter and took $502 from the motel cash drawer, leaving his hand- and finger- prints upon the counter. Defendant Jarman was identified as the robber guarding the front door. Later testimony by each defendant, upon cross examination, was that the four had been together the entire evening and morning of the robbery. Following investigation at the scene, officers spotted an automobile answering the description of the get-away car in the parking lot of a local lounge and staked it out. They

arrested the defendants as they left the lounge at 2 a.m. Searching Kendrick pursuant to the arrest, officers found the deputy sheriff's badge belonging to Josey. They also searched the two cars in which the defendants were riding, finding hats and clothing later identified by Mrs. Brown and Josey as being worn during the robbery. Following interrogation at the jail, defendant Kuma told Officer Johnson that Josey's wallet and papers were on a shelf in the living room of the residence at 2347 Norton Drive. He also said Mr. Blossom was the one who rented the residence, but they all "lived there, too." Officer Johnson, continuing his investigation, went that night to the residence, asked Mr. Blossom for permission to enter to talk to him, and upon entry, spotted Josey's wallet and papers on the shelf in the living room closet and a gun and a lid of marijuana lying on a coffee table. The gun and wallet were introduced into evidence over oral motion to suppress.

1. Defendants urge the trial court erred as a matter of law by admitting into evidence the gun and wallet over oral motion to suppress because these items were products of an illegal search and seizure. The evidence authorizes a finding that these defendants were casual visitors in the residence of Mr. Blossom. Defendant Jarman testified it was "a place where some friends. . . we just go there, you know, have a party. . . if we feel like staying all night, they stays all night. . . a lot of people goes in and out—it stays open most of the time." When asked who rented the place, he answered, "I believed it's in Blossom's name." Defendant Kuma testified he had ". . . not really lived there like lots of my associates and friends. . ." and under interrogation by Officer Johnson, he stated the " 'crib' [2347 Norton Drive] was. . . where I lived when I wasn't on post." Defendant Phillips testified in answer to the question, "Does lots of people live at the 'crib'?" answered, "Yes, the majority — we get together and might go over there and party. . ." The four defendants were former soldiers assigned to Fort Gordon in Augusta. Kuma and Phillips were living on base at the time of the robbery and Jarman and Kendricks had been discharged within a week and a half prior to the robbery. The evidence shows Mr. Blossom was the permanent lessee of the premises at 2347 Norton Drive and had

authority to consent voluntarily to the officers entering the residence where the evidence objected to was plainly visible. Its use in the trial was neither illegal nor a violation of Fourth Amendment principles. "... Immunity from unreasonable searches and seizures is a privilege personal to those whose rights have been infringed ..." The accused here are not such persons. *Marsh v. State,* 223 Ga. 590 (1) (157 SE2d 273) (1967), and cits.

2. Defendants urge the trial court biased the jury against them by questioning witnesses, and that the evidence was insufficient to convict Phillips and Jarman beyond a reasonable doubt. We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 13, 1976 — DECIDED SEPTEMBER 28, 1976.

*Harrison, Jolles, Miller & Bush, Charles F. Miller, Jr.,* for appellants.

*Richard E. Allen, District Attorney, Evita A. Paschall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.