## 32739. BROWN v. THE STATE.

JORDAN, Justice.

Appellant, along with two others, was indicted for kidnapping, rape, sodomy and armed robbery. Appellant moved to sever and in a separate trial was convicted of kidnapping, rape, and sodomy; sentenced to three concurrent life sentences and appeals.

The state's evidence showed that the victim was driving to a store alone on the night of September 11, 1976, to obtain medicine for a sick child when her car ran out of gas. Her CB radio failed to work and she started walking toward the store when three black males approached in a dark red automobile. After refusing their offer of help, she was threatened with a pistol and pulled into the back seat of the car. They removed her glasses as she told them of her sick child and plead with them to release her. Later while trying to locate her glasses, she felt raised loud speakers in the back of the car. After driving to a vacant field the front passenger, whom the victim identified as the appellant, pulled off her pants and the driver raped her. After slapping her around all three men then raped her several times. All three forced her to perform acts of sodomy with each of them.

Sometime later the three males got into an argument, at which time the appellant grabbed the victim's clothes and pulled her from the car, telling the others to drive on. The car left but returned toward appellant and the victim. When appellant released the victim in order to signal the car, she grabbed her clothes and ran until she reached a house. She was admitted and the occupants testified that she was disheveled and sobbing and told them she had been assaulted by three black males. She became nauseated and informed law enforcement officers of the assault when they arrived. She told the officers that the men were in an older model dark red car; that one of the men referred to the driver as "Henry" and also "Mr. Blood"; that one of her earrings and her hair clasp had been torn off in the car; and that appellant's sleeve had been torn while she struggled with him.

Upon searching the scene of the attack, officers found

red paint on a concrete slab in the field and red paint chips on the ground. They also found a hair clasp and a sleeve torn from a shirt. Investigation led officers to the home of one of the co-indictees who was known as "Mr. Blood." They found a red Ford automobile in the driveway, with raised speakers in the rear. The car had been damaged on the right side. It was owned by John Henry Tuff, one of the co-indictees, known as "Mr. Blood." Tuff informed the officers that he had loaned the car on September 11, 1976, to the appellant and David Waters, the other co-indictee. All three men were arrested, the car impounded and later searched, at which time a gold earring was found in the car.

The officers located the victim's car where she told them she left it and the car was out of gas. They later recovered a pistol from the home of Tuff's mother.

1. The trial court did not err in overruling appellant's motion to suppress certain evidence seized from the Tuff automobile. The appellant, having no proprietary interest in the car, lacked standing to complain of the search. *Phillips v. State,* 237 Ga. 623 (229 SE2d 407) (1976). Additionally, Tuff consented to the search which produced the evidence. *Herndon v. State,* 138 Ga. App. 346 (226 SE2d 141) (1976), is not applicable to the facts of this case.

2. Likewise, the trial court did not err in allowing into evidence a multi-colored shirt belonging to the appellant which matched the torn sleeve found at the scene of the crime. The shirt was obtained from the residence of a Ms. Simmons, with whom the appellant resided, with the written consent of Ms. Simmons. See United States v. Matlock, 415 U. S. 164 (1974); *Welch v. State,* 237 Ga. 665 (229 SE2d 390) (1976).

3. The victim positively identified the appellant as one of her attackers in a line-up and at the trial. Under the "totality of the circumstances" surrounding the pre-trial identification procedure we conclude that it was not unnecessarily suggestive or conducive to mistaken identification. *Sherwin v. State,* 234 Ga. 592 (216 SE2d 810) (1975).

4. A police officer was allowed to testify that the co-indictee Tuff told him that he had let appellant borrow

his car on the night of the crime. Appellant objected on the ground that it was hearsay and violated appellant's right to confrontation under the Sixth Amendment. The trial court allowed the evidence for the purpose of explaining the officer's conduct in later arresting the appellant on the basis of such information, and expressly charged the jury that the statements "are not being offered to show you the truth of his statements, but simply to explain why this officer then did something, and for that purpose I will admit it." We find no error.

5. The trial court did not err in excluding from evidence facts concerning the victim's attendance at several group therapy sessions some 4 months prior to the assault. These sessions dealt with certain psychological conflicts between the victim and her father. The trial court is allowed discretion in confining the scope of cross examination and does not commit reversible error unless that discretion is abused. We find no such abuse in this case.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 21, 1977 — DECIDED NOVEMBER 8, 1977 — REHEARING DENIED NOVEMBER 29, 1977.

*James J. Daly, Jr.,* for appellant.

*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.