### 55412. THE STATE v. BOWEN et al.

Webb, Judge.

The state, pursuant to Code Ann. § 6-1001a (d), appeals the order sustaining defendants' motions to suppress evidence seized from a warrantless search of an automobile operated by Bowen from which he had fled after wrecking it at the culmination of police pursuit. The automobile had California license plates, and the police determined that it belonged to a couple in Ventura, California. Bowen did not claim ownership or permission to use the automobile at the time of his arrest or subsequently at the hearing on his motion to suppress evidence, and it does not appear that the other defendants were in the automobile or had any interest in it.

Under these circumstances we reverse. Bowen and the other defendants stand indicted for burglary rather than for a "possession"-type offense which might carry "automatic standing" to complain of the seizure under Jones v. United States, 362 U. S. 257 (80 SC 725, 4 LE2d 697) (1960). None of the defendants have any interest in the car and consequently no standing to complain of its search.

"The right to object to an unreasonable search and seizure is a privilege which is personal to those whose rights have been infringed, and the appellant here was not entitled to object to the search of an automobile which was not his property or in which he had no right of exclusive possession." *Dutton v. State,* 228 Ga. 850, 851 (1) (188 SE2d

794) (1972).

"It was incumbent upon [defendants] to show some legitimate possessory interest in the premises (or car), in order to complain of the search. This could have been done simply by showing that they had the owner's permission to use the vehicle. Jones v. United States, supra; Draper v. Maryland, 265 FSupp. 718 (D. Md. 1967). However, as even this was not shown, we must apply the rule that where a warrantless search of an automobile was made, which was not the property of the accused, and where the accused does not show that he was driving the same with permission of the owner or with permission of anyone entitled to possession of the automobile, the accused has no standing to invoke constitutional guarantees to exclude evidence found in the search. [Cit.] We hold that appellants have no standing to object to the vehicle search made in this case." *Brisbane v. State,* 233 Ga. 339, 345 (211 SE2d 294) (1974). Accord, *Brown v. State,* 240 Ga. 274, 275 (1) (240 SE2d 63) (1977); *Gable v. State,* 143 Ga. App. 455 (238 SE2d 771) (1977).

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 6, 1978 — REHEARING DENIED APRIL 28, 1978 — CERT. APPLIED FOR.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellant.
*Chris G. Nicholson, Joe Salem,* for appellees.