57422. AUTRY v. THE STATE.

Underwood, Judge.

On the evening of August 11, 1978 the police chief observed a car in Oakwood, Georgia driving in the center of the road, weaving and exceeding the speed limit. He stopped the car and as the driver, Lovell, was getting out of the car, the officer observed two "roaches" (a term used

to describe a short marijuana cigarette stub) in the ashtray of the car. The driver was described as acting "high." Autry, the appellant here, was sitting in the right front passenger seat, and another passenger was in the back seat of the car. The officer noticed a strong odor of marijuana, but the roaches were not burning. Eventually, Autry got out of the car and was also described as "acting high," although not as much as the driver. The officer searched the car and seized the contents of the ashtray. He searched Autry and found in his pocket a plastic bag containing several ounces of a white powdery substance.

The contents of the ashtray were subsequently identified as marijuana and the white powdery substance was identified as phencyclidine. Autry was tried for two offenses under the Georgia Controlled Substances Act, Code Ann. § 79A-801 et seq., possession of less than one ounce of marijuana, a misdemeanor, and possession of phencyclidine, a felony. At the trial subsequent to the denial of a motion to suppress, appellant presented no real defense concerning the felony, but resisted the marijuana charge on the grounds that there had been no showing of possession.

When the jury foreman published the verdicts he indicated that the jury had found Autry "guilty" of the offense involving phencyclidine and "not guilty" of the offense involving marijuana. However, it was later discovered that the foreman had filled out the written form for the verdicts by writing "not guilty" on the numbered verdict for the phencyclidine and "guilty" on the numbered verdict for marijuana.

On appeal of his conviction of possession of marijuana, Autry enumerated two errors. First, he contends the trial court erred in denying his motion to suppress evidence because the marijuana was obtained through an illegal search and seizure. He further contends that the trial court erred in denying his motion for a directed verdict of acquittal because the evidence was not sufficient to show the marijuana was in his possession.

1. The first enumeration of error is without merit. Autry was a passenger in a car owned by the driver's father; as such, he had no interest in the car and no

standing to object to the search. *State v. Bowen,* 145 Ga. App. 790 (245 SE2d 10) (1978).

2. We must next decide whether the evidence is sufficient to sustain the conviction of possession of marijuana.

In *Patterson v. State,* 126 Ga. App. 753 (191 SE2d 584) (1972) defendant was a guest in the kitchen of a house being searched pursuant to a warrant. He was not committing any crime, but was placed in custody. Marijuana cigarette butts were found in ashtrays and there was a strong odor of marijuana in the house. In reversing a conviction for conspiracy to possess marijuana, this court held that the cigarette butts in the ashtray and the odor were not connected in any manner to the defendant so as to authorize an inference that he had conspired to possess marijuana.

It is well established that merely having been in the vicinity of contraband does not, without more, establish possession. *Donaldson v. State,* 134 Ga. App. 755 (216 SE2d 645) (1975). "Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480) (1970); *Donaldson v. State,* supra. The same rule applies to automobiles. *Davis v. State,* 146 Ga. App. 629 (247 SE2d 210) (1978). If a person is driving an automobile or has an automobile in his possession, custody or control, all in that automobile is presumed to be his and in his possession. *Watson v. State,* 93 Ga. App. 368 (91 SE2d 832) (1956); *Bradley v. State,* 137 Ga. App. 670 (224 SE2d 778) (1976). Although the presumption is rebuttable *(Bradley v. State,* supra), there is insufficient evidence in this case to rebut the presumption, and to connect Autry to the marijuana. Under the evidence in this record the conviction cannot stand.

We observe that at the sentencing phase of this case the judge, in alluding to the jury's apparent confusion in completing the written form for the verdicts, commented to Autry: "It may just be a Halloween happenstance that you are getting the benefit of a misdemeanor rather than

a felony." The state, by brief, urges us not to further extend the appellant's good fortune by reversing the misdemeanor conviction. We only observe that the appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortune of the unlucky.

*Judgment reversed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED JULY 6, 1979.

*Thompson, Fox & Brinson, George W. Brinson,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.