## 59493. CHATHAM v. THE STATE.

SOGNIER, Judge.

Chatham was convicted in the Superior Court of Coweta County of armed robbery and on appeal he enumerates five errors.

1. Chatham contends first that it was error for the trial court to deny his motion in bar of trial because he was placed in double jeopardy. This case was called for trial on March 22, 1979; there was a misunderstanding between the court and counsel as to whether this case was to be tried on that date, or whether another case involving Chatham on unrelated charges was to be tried. After a lengthy discussion the defense attorney stated that he could not proceed to trial as he was not prepared; the court thereupon held the defense counsel in contempt and ordered him jailed immediately. He was removed from the courtroom and the trial judge declared a mistrial, dismissing the jury which had been impaneled and sworn.

Because the jury had been impaneled and sworn, Chatham contends jeopardy attached and it was a violation of the U. S. Constitution and the Georgia Constitution to thereafter try him for armed robbery. We do not agree.

The U. S. Constitution provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb (Art. V, Amendments to U. S. Const., Code Ann. § 1-805); the Georgia Constitution provides that no person shall be put in jeopardy of life or liberty for the same offense save on his or her own motion for a new trial after conviction, "or in case of mistrial" (Art. I, Sec. I, Par. XV, Constitution of Georgia, Code Ann. § 2-115). Thus, it is apparent that Georgia excepts mistrials from the prohibition against double jeopardy. Appellant contends that despite the Georgia Constitution, Code Ann. § 26-507 (a) (2) provides that jeopardy attaches once the jury is impaneled and sworn. However, the cited code section applies only if the accused was formerly prosecuted for the same crime and if the former prosecution was terminated *improperly* after the jury was impaneled and sworn. Thus, the threshold question is whether it was proper for the trial judge to declare a mistrial under the peculiar circumstances of this case. Our Supreme Court treated the issue of double jeopardy vis-a-vis a mistrial in the case of *Jones v. State,* 232 Ga. 324 (206 SE2d 481) (1974) and held that the power of the trial judge to interrupt the proceedings on his own motion by declaring a mistrial is subject to stringent limitations and should be examined under the test of United States v. Perez, 22 U. S. 579, 580 (1824). In Perez the U. S. Supreme Court stated: "We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their

opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes . . . But, after all, they [the courts] have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office." In *Jones,* supra, our Supreme Court went on to state: "The test to be applied by the trial court hearing a double jeopardy plea is that retrial is permissible only if a manifest necessity existed for the declaration of the mistrial lest otherwise the end of public justice be defeated; the existence of 'manifest necessity' is to be determined by weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public *in having fair trials designed to end in just judgments;* and the decision must take into consideration all the surrounding circumstances. [Cit.]" (Emphasis supplied.) Id., at 327.

Applying the test set forth above, we believe a mistrial was appropriate under the circumstances of this case. Certainly it would be grossly unfair to have Chatham proceed to trial without representation by a qualified attorney, and fairness to the defendant is just as important, if not more so, than the interest of the public in having a fair trial ending in a just judgment. But, argues appellant, other alternatives were available to the trial court, such as trying the drug case first or granting a continuance to permit defense counsel time to prepare for this case. It is apparent from reading the transcript of *In re Brookins,* 153 Ga. App. 82 (264 SE2d 560) (1980) that the trial court was adamant in its insistence that the armed robbery case be tried on March 22, 1978 and no continuance would be granted, even though the defense counsel informed the court that he was ready to proceed with the drug case. Further, the trial judge informed the jury that he had placed the defense counsel in jail for contempt and that knowledge, in and of itself, could prejudice the jury against the defendant and prevent him from receiving a fair trial. In Illinois v. Sommerville, 410 U. S. 458 (93 SC 1066, 35 LE2d 425), cited by appellant, the U. S. Supreme Court recognized the validity of some inquiry into alternatives; however, the Georgia Supreme Court pointed out that "that decision [Sommerville] must be read to hold that the mere existence of *some* alternative will not compel the conclusion that the declaration of mistrial by the trial judge was

sufficiently precipitate to bar retrial. Specifically, the court rejected as a waste of time, energy, and money, the continuation of the trial, reversal on appeal (assuming conviction) and retrial of defendant." *Jones v. State,* supra at 330. Considering the test to be applied in such cases and the circumstances of this case, we conclude that the trial judge did not abuse his discretion by declaring a mistrial; in fact, we believe it was the only thing to do in the interest of fairness to appellant and to meet the ends of public justice. See *Marchman v. State,* 132 Ga. App. 677, 680 (e) (209 SE2d 88) (1974).

2. Appellant contends the trial court erred because its instruction on coercion unlawfully shifted the burden of proof to appellant. However, the instruction was taken verbatim from *Pirkle v. State,* 11 Ga. App. 98 (74 SE 709) (1912), which appellant cited as authority for his requested instruction on coercion. Accordingly, he cannot now complain of an instruction which he requested, based on authority which the appellant himself cited.

3. Appellant also complains that the trial court erred in refusing to give an instruction on the weight to be accorded a defendant's sworn testimony, which requested instruction included a statement that such testimony "may be believed by you in preference to conflicting testimony." Not only was the requested instruction an incorrect statement of the law, but this court has held it is not error to fail to instruct the jury on the weight to be accorded a defendant's testimony "because it should be given the same weight and credit of any other witness." *Jester v. State,* 131 Ga. App. 269, 270 (205 SE2d 444) (1974). See also *Patterson v. State,* 233 Ga. 724, 728 (4) (213 SE2d 612) (1975). Accordingly, this enumeration is without merit.

4. Appellant contends it was error to disallow testimony of a witness as to appellant's reputation for peacefulness or violence. Appellant claims that such evidence would support his testimony that he was coerced into (and thus justified) participating in the armed robbery. Testimony as to a person's reputation as a peaceful, non-violent person is admissible where the nature of the case puts character as to peacefulness or violence into issue, such as in an aggravated battery case. *Swinney v. Wright,* 35 Ga. App. 45, 48 (132 SE 228) (1926). Here, however, the nature of the case (armed robbery) did not put appellant's character as to peacefulness or violence into issue. Rather, appellant sought to introduce such evidence to bolster his contention that his actions were justified since he was coerced into committing the offense charged. However, this court has held that a defendant's character for peacefulness or violence has nothing to do with the question of justification under the facts. *Swinney v. Wright,* supra. Accordingly, it was not error to exclude such testimony.

5. Lastly, appellant contends the trial court erred in denying Chatham's motion for a mistrial after the prosecuting attorney improperly asked a witness if he knew the defendant's reputation as to drug use. An objection to the question was sustained, but the court denied the defense motion for a mistrial. The trial court did, however, instruct the jury not to consider the question, told the prosecuting attorney it was an improper question and warned him not to do it again. Appellant contends this curative instruction was insufficient to remove the taint caused by the question and that the jury was "irretrievably prejudiced" against him. We disagree. As we stated in *Holcomb v. State,* 130 Ga. App. 154, 155 (202 SE2d 529) (1973): "Motions for mistrial are largely in the discretion of the trial judge ... and, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the fair trial rights of the defendant, the court's discretion will not be overturned." See also *Prater v. State,* 148 Ga. App. 831, 833 (253 SE2d 223) (1979). We do not consider the improper question by the prosecuting attorney so "fragrantly prejudicial" as to require a mistrial. The question was not answered by the witness, so no prejudicial information (if there was any) was presented to the jury. As we do not believe the mere asking of the question involved would so prejudice the jury as to deprive appellant of his right to a fair trial, we hold that the trial judge did not abuse his discretion in denying the motion for a mistrial.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 7, 1980 — DECIDED JUNE 20, 1980 — REHEARING DENIED JULY 3, 1980 —

*Gerald P. Word,* for appellant.

*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.

