73506. CAMP v. THE STATE.
73507. POOLE v. THE STATE.
(353 SE2d 832)

BIRDSONG, Chief Judge.

John Terry Camp and Regina Ruth Poole were jointly tried for three violations of the Controlled Substances Act (sale of marijuana,

possession of amphetamine, and possession of marijuana with intent to distribute). Camp was convicted of the sale and possession of marijuana with intent to distribute and sentenced to ten years on each count with eight years to be served, the two sentences to be served concurrently. Poole was convicted of all three counts and sentenced to ten years on each count with eight years to serve, all sentences to run concurrently. The two appellants have filed separate appeals but with substantially the same enumerations of error and thus we will consolidate the appeals and consider the two appeals as one. *Held*:

1. Both Camp and Poole moved the trial court to suppress the fruits of a search and seizure contending the warrantless search violated their rights of privacy protected under the federal constitution. The trial court sustained the motion to suppress and the State appealed that decision to this court. This court reversed the suppression of the evidence and returned the case for trial. *State v. Camp*, 175 Ga. App. 591 (333 SE2d 896). That reversal of the trial court's suppression order has neither been reversed nor modified.

At the trial of this case, the State relied upon the decision of this court in its argument that the fruits of the search were valid. Camp and Poole continued to advance the argument that the search of the room in which they were sleeping violated the Fourth Amendment of the U. S. Constitution, the self same argument advanced and rejected by this court upon the consideration of the appeal which approved the search and reversed the denial of the motion to suppress by the trial court.

Where the State relies upon a former judgment which fully adjudicated the issue now made by the appellants and that judgment has neither been reversed nor modified by any exception which the appellants have taken to it, such unreversed and unmodified judgment is res judicata as between the same two parties and thus is the law of the case. While we recognize that the "law of the case" rule has been abolished by OCGA § 9-11-60 (h), we are satisfied the matter may no longer be contested. *Seymour v. State*, 210 Ga. 571 (1) (81 SE2d 808). See *Blake v. Continental Southeastern Lines*, 168 Ga. App. 718, 720 (309 SE2d 829). It follows the enumeration advanced by each appellant that the trial court erred in denying the motion to suppress the fruits of the warrantless search is without merit.

2. Appellants submitted written requests for three charges. Error is claimed because the trial court declined to give the first two charges in the language requested. The first requested charge related to the principle that mere presence at the scene of a crime or where criminal acts are committed is insufficient to authorize conviction.

In that portion of its charge, the trial court charged the jury that "while mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence,

companionship, and conduct before and after the offense are circumstances . . . from which intent may be inferred." Appellants argue that the context of the charge given by the court weakened the contention that the actual seller of the marijuana was the only guilty culprit and that they (Camp and Poole) just happened to be present.

Such a request tended to be argumentative for it ignored the state of the evidence that Camp had participated in the placing of the marijuana under the waterbed earlier during the day and that when Stockton (the actual seller to the undercover agent) went to the room occupied by Camp and Poole and asked for a small bag, both Camp and Poole were overheard in a discussion prior to a bag being handed through the door to Stockton. Thus mere presence at the scene did not fully describe the activity engaged in by Camp and Poole. The charge actually given by the trial court fully met the request to charge that mere presence did not authorize conviction but could be considered as some evidence of participation as a principal in the crimes of possession of marijuana with intent to distribute and sale of marijuana.

It is not error to refuse to give a requested charge which is argumentative or favors one party's position by applying facts as legal principles. *Ferry v. State*, 161 Ga. App. 795, 800 (6) (287 SE2d 732). Moreover, it is not necessary to give the exact language of the request when the same principle is fairly given to the jury in the general charge. *Burnett v. State*, 240 Ga. 681 (7) (242 SE2d 79).

In the second requested charge, appellants sought an instruction that mere acquiescence by Camp and Poole in the sale by Stockton of marijuana to the undercover agent does not imply complicity in Stockton's illegal activity, citing *Parker v. State*, 155 Ga. App. 617 (271 SE2d 871). Once again the request to charge tends to be argumentative in that it presents the interpretation of the evidence only in the manner advocated by the appellants but ignores the law of principles. *Ferry v. State*, supra. Moreover, appellants' reliance upon the *Parker* case, supra, is misplaced. In that case the codefendant Ritter was informed by the codefendant Parker that he (Parker) intended to make a sale of marijuana from Parker's stash. Ritter's answer that Parker could go ahead and make the sale was interpreted by this court reasonably to imply that Ritter was merely acknowledging that Parker was going to make a sale from his (Parker's) supply. In this case, the facts show that Camp and Poole were in the room where a large supply of marijuana was stored (under their waterbed). Camp had received the marijuana from Stockton earlier during the day. The large supply also contained some separately bagged smaller amounts of marijuana. Thus it is manifest from the evidence that the marijuana was in the sole possession of Camp and Poole when Stockton approached the room in which Camp, Poole and the marijuana

were located. Stockton asked for a small bag, a conversation ensued between Camp, Poole and Stockton and a small bag of marijuana was passed through the door to Stockton who then made the sale. Thus the evidence raised substantially more participation in the sale by Camp and Poole than a mere acquiescence in the sale by Stockton. This refusal to give the second requested charge likewise was without error.

3. Each appellant argues that it was error to charge upon the legal principle of conspiracy where that substantive crime was not indicted. Although there is no affirmative evidence of an express agreement between Stockton, Camp and Poole jointly to possess with intent to distribute or to sell marijuana, there is at least some evidence to show that the three co-actors were aware of the quantity of marijuana, that it was not only contained in bulk but some was separately packaged ready for sale and that Stockton's request for a small bag and passage to him of the quantity requested, was with intent to carry out their common agreement. Slight evidence will justify a charge even where the preponderance of the evidence tends to show the nonexistence of such a fact. *Heard v. State*, 149 Ga. App. 92, 93 (253 SE2d 454). A conspiracy may be reflected by inference arising from a deduction from acts and conduct showing a common design to act together for the accomplishment of an unlawful purpose. *Ingram v. State*, 134 Ga. App. 935 (2) (216 SE2d 608). Where the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in the indictment. *Montgomery v. State*, 128 Ga. App. 116, 117 (3) (195 SE2d 784). This enumeration lacks merit.

4. Each appellant argues the trial court erred in denying respectively their motions for directed verdict of acquittal. This finds its basis in the argument that Stockton admitted the marijuana was his; that he made the sale; and Camp's and Poole's contentions that they were simply present when Stockton made the sale. As hereinabove indicated, the evidence was sufficient to allow the jury to conclude that Camp and Poole were more than mere bystanders and in fact did participate in the sale. We will not second guess what evidence the jury chose to believe. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Davis v. State*, 234 Ga. 730, 732 (218 SE2d 20); *Allen v. State*, 137 Ga. App. 302, 303 (223 SE2d 495). The trial court did not err in its denial of the directed verdicts in this case.

5. In her last enumeration of error, Poole contends it was error to assess a separate punishment for the possession of marijuana with the intent to distribute as well as for the sale of the same marijuana. If the facts were as argued by Poole, this enumeration might have more merit. However, the facts show that a very small amount of marijuana

was sold to an undercover agent and that sale resulted in the count of unlawful sale. In addition thereto, a large amount (over five pounds) of marijuana was found within the control and possession of Camp and Poole in addition to the small baggie of marijuana sold. Inasmuch as the sale of marijuana was not directly related to nor did possession of the quantity sold constitute the basis for the count of possession of the remainder of the marijuana, the separate conviction and punishment did not constitute double jeopardy. See *Smith v. State*, 146 Ga. App. 444, 446 (4) (246 SE2d 454); *Howard v. State*, 144 Ga. App. 208, 209 (240 SE2d 908). There is no merit to this enumeration.

*Judgments affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 27, 1987 —
REHEARINGS DENIED FEBRUARY 10, 1987 — 

*Wallace C. Clayton*, for appellant (case no. 73506).
*Charles M. Taylor II*, for appellant (case no. 73507).
*Frank C. Winn, District Attorney, Richard S. Thompson, Assistant District Attorney*, for appellee.