## 75303. REED v. THE STATE.
(367 SE2d 809)

BENHAM, Judge.

Appellant was convicted of trafficking in cocaine (OCGA § 16-13-31 (a)), and his sole enumeration on appeal is the denial of his motion for a directed verdict of acquittal at the close of all the evidence. He argues that the evidence was insufficient to show that he was knowingly in actual possession of the cocaine found in the car he was driving at the time of his arrest. We disagree and affirm.

The evidence produced at trial showed that on October 29, 1985, a Georgia State trooper who was operating a stationary radar unit on I-285 clocked appellant driving a 1977 Camaro at 91 miles per hour. Using his blue lights and siren, the trooper pulled appellant's vehicle over to the side of the road. He noticed appellant, the driver and sole occupant of the car, making "a leaning motion, a forward motion, which indicates that he is either reaching under his seat [or] he is coming out from under his seat with something. . . ." Appellant was asked to step out of the car, whereupon the trooper searched the area around the driver's seat and found a "fairly big bag" containing individual plastic bags of what was later determined to be approximately 77 grams of a white powder, 53 grams of which was pure cocaine. At the time of his arrest and at trial, appellant denied ownership and knowledge of the cocaine, and also denied ownership of the car. In fact, the car did not belong to appellant, but had been loaned to him. Appellant contends that since the officer could not testify that he saw appellant with the cocaine on his person, and since the automobile was not his, he could not be considered to have been knowingly in actual possession of the contraband. "This argument is without merit, for we have held that a person who knowingly has direct physical con-

trol over a thing at a given time is in actual possession of it. [Cit.] . . . Although [appellant] testified [he] knew nothing about the [cocaine], [his] credibility was a question for the jury. [Cit.] . . . [Moreover], we do not believe the legislature intended the phrase 'actual possession' . . . to mean that a person would be holding it in his hand or have it physically on his person" (*Evans v. State*, 167 Ga. App. 396 (1) (306 SE2d 691) (1983), overruled on other grounds, *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984)), because to do so would be a physical impossibility under the drug trafficking statute provisions that allow for possession of hundreds and thousands of pounds of contraband. Id. The evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Evans v. State*, supra.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing, appellant argues that his case is not unlike a series of cases exemplified by *Dawson v. State*, 183 Ga. App. 94 (357 SE2d 891) (1987), and that this court erred in not finding that appellant was entitled to a directed verdict of acquittal. *Dawson* is distinguishable inasmuch as in that case Dawson's codefendant testified that Dawson did not have any knowledge of the existence of the drugs which this court found he should have been acquitted of possessing. There was no such testimony in Reed's case. "If a person is driving an automobile or has an automobile in his possession, custody or control, all in that automobile is presumed to be his and in his possession." *Autry v. State*, 150 Ga. App. 584 (2) (258 SE2d 268) (1979). Whether or not the evidence was sufficient to rebut the inference arising from the finding of the drugs in the automobile is a question for the jury to decide. *Moore v. State*, 155 Ga. App. 149, 151 (270 SE2d 339) (1980). Since there was some evidence offered in an attempt to rebut the presumption (appellant's testimony that the drugs were not his), there was a question of fact for the jury to resolve. Therefore, appellant was not entitled to a grant of his motion for directed verdict of acquittal. The motion for rehearing is denied.

DECIDED JANUARY 13, 1988 —
REHEARING DENIED MARCH 25, 1988.

*Victoria D. Little*, for appellant.
*Thomas J. Charron*, District Attorney, *Stephen C. Steele*,

*Nancy I. Jordan, Assistant District Attorneys*, for appellee.