A92A2391. SMITH v. THE STATE.
(429 SE2d 149)

POPE, Chief Judge.

 We granted defendant's petition for interlocutory review of the trial court's order denying his motion for discharge and acquittal of the charges against him. The issue in this case is whether the period for filing a demand for speedy trial may expire before arraignment. Pursuant to the terms of OCGA § 17-7-170, the answer is clearly yes.

 The record shows that on April 1, 1991 a Fulton County police officer issued two uniform traffic citations to defendant, charging him with driving under the influence of alcohol and driving on the wrong side of the road. The citations ordered him to appear to answer the charges on April 3. The trial court's order recites that defendant was still incarcerated at the time of the hearing and unable to post bond and the magistrate court transferred the case to the Fulton County State Court. The record reflects that the citations were filed in the state court on April 17, 1991. By notice dated June 7, 1991, defendant was notified to appear for arraignment on July 9, 1991. Defendant appeared pro se and waived formal arraignment. The trial court granted him ten days in which to file motions. On July 18, 1991 defendant filed a demand for speedy trial. The prosecutor filed formal accusations on August 8, 1991. Defendant filed a motion for discharge and acquittal on January 31, 1992 on the ground he had not been tried during the term of court in which the demand for speedy trial was made or the next succeeding term.

 We affirm the trial court's denial of defendant's motion for discharge and acquittal. Pursuant to OCGA § 17-7-170, a defendant "may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter. . . ." In this case, the uniform traffic citations served as the accusations. See OCGA §§ 17-7-71 (b); 40-13-1. Although formal accusations were later filed in this case, they were superfluous. See *Duncan v. State*, 193 Ga. App. 793 (389 SE2d 365) (1989); *Majia*

*v. State*, 174 Ga. App. 432 (1) (330 SE2d 171) (1985).[1] Defendant does not contest the finding of the trial court that the State Court of Fulton County has six two-month terms of court, commencing with the January-February term. The citations were filed in the March-April term of court. Thus, pursuant to OCGA § 17-7-170 (a), defendant had until the May-June term to file a demand. The demand was not filed, however, until the July-August term. Thus, it was untimely and ineffective and the trial court did not err in denying defendant's motion for discharge and acquittal.

Despite the clear and unequivocal language of OCGA § 17-7-170 (a), defendant argues he should not be required to enter a demand for trial before arraignment because "[u]ntil arraignment or a waiver thereof there can be no jury impaneled and no placing of the defendant in jeopardy." *Hardwick v. State*, 231 Ga. 181, 183 (6) (200 SE2d 728) (1973). Pursuant to the provisions of OCGA § 17-7-170 (b), defendant is entitled to discharge and acquittal if, during the term at which the demand for trial is made and the next succeeding term, juries were impaneled and qualified to try him but he was not tried. Because he could not have been tried before arraignment, defendant argues it is meaningless to require the demand for trial to be made before arraignment. Defendant's argument is without merit because the purpose of demanding a speedy trial is to require the State to try a defendant within a specified period. Thus, if a speedy trial demand is timely entered, the State must act to arraign and try the defendant within the allotted time or else he is entitled to discharge and acquittal. In this case, for example, if defendant had entered a demand for trial during the March-April term in which the accusation was filed, assuming a jury was impaneled between the date the accusation was filed and the expiration of the term, he would have been entitled to trial no later than the expiration of the May-June term. Thus, the State would have been required to place the case on an earlier arraignment calendar in order for the case to be tried before the period for trying defendant had expired. Defendant cannot complain that the delay in placing him on the arraignment calendar prejudiced his right to a speedy trial. He may have been entitled to an earlier arraignment date if he had entered a demand for trial at the earliest possible time. The record does not reflect whether defendant was notified that the citations had been filed in the state court. Once a defendant knows a criminal charge has been brought against him, however, he is, in effect, under a duty to monitor the status of the case if

---

[1] Moreover, we note defendant did not enter a demand after the formal accusations were filed and even if, as defendant argues, only the filing of the formal accusations triggered his right to enter a demand, a demand filed prior to an accusation is not effective. See *State v. Frazier*, 201 Ga. App. 6 (410 SE2d 134) (1991).

he wishes to file a timely demand for trial pursuant to OCGA § 17-7-170.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 11, 1993.

*Daniel F. Byrne*, for appellant.
*James L. Webb, Solicitor, Helen A. Roan, Scott E. Heffington, Assistant Solicitors*, for appellee.