## 56291. SOUDER v. THE STATE.

SMITH, Judge.

This appeal from a conviction for theft by receiving stolen property addresses only the trial court's denial of appellant's motion to suppress incriminatory evidence found in the appellant's home. Testimony from four police officers clearly and consistently established that the house was occupied by a cousin of the appellant, that the cousin asserted that he lived in the house and displayed some proof of this fact, and that the cousin granted several police officers permission to enter the house to look for the appellant. While inside the house, the officers saw, in open view, numerous items they suspected as contraband, and they thereafter obtained a search warrant and seized the items. In rebuttal, the cousin testified that he had not been living at the house but was there only to feed his cousin's dogs, that he had no authority to grant anyone permission to enter the house, and that he did not offer such permission to any of the police officers. This appeal presents no question of law to be decided by this court. The only question is whether there was valid consent to enter the house, and this is a question of fact. If the cousin was a resident and granted permission to enter, that which followed was unquestionably reasonable within the Fourth Amendment (*Gainey v. State,* 132 Ga. App. 870 (209 SE2d 687) (1974)); if he had no authority to grant permission, or if he withheld such permission, the result is contra. *Brewer v. State,* 129 Ga. App. 118 (199 SE2d 109) (1974). The weight of the evidence favors the trial court's conclusion on this factual question; we lack both the authority and the inclination to disturb it.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 5, 1978.

Joe Salem, Donna J. Salem, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell Parker, Richard E. Hicks, Assistant District Attorneys, for appellee.