## 57797. RATLIFF v. THE STATE.

UNDERWOOD, Judge.

The appellant, Ratliff, while visiting in the home of his long-time acquaintance Ruby Skinner became involved in an altercation in which he struck Skinner on the head with a pistol and twice shot another visitor. He made a voluntary, written confession and described the incident during his testimony at his trial. He was convicted of aggravated assault and appeals enumerating five errors, none of which is meritorious and we affirm.

1. Ratliff contends the trial court erred in allowing a police officer to remain in the courtroom during the trial and in refusing to require him to testify first after the rule of sequestration had been invoked by Ratliff's counsel. The prosecuting attorney stated that he needed the assistance of the police officer, and he could not present his case in an orderly fashion if the officer testified first. Code Ann. § 38-1703 grants the right of sequestration to either party. However, exceptions to the rule may be made, and this court has held that "the proper procedure ... where the rule has been invoked and the district attorney needs the assistance of a witness during the prosecution of a case, is for him to specifically request that the trial judge make an exception to the rule at the commencement of the evidence ... If the request is granted, the district attorney should present the excepted witness first or explain to the satisfaction of the trial court why the witness cannot be called first." *Parham v. State,* 135 Ga. App. 315 (8), 320 (217 SE2d 493) (1975); *Massey v. State,* 220 Ga. 883 (5) (142 SE2d 832) (1965); *Stuart v. State,* 123 Ga. App. 311,

312 (180 SE2d 581) (1971). Here the trial judge properly exercised his discretion and there was no error.

2. The appellant contends the trial court erred in permitting a detective to read to the jury a standard "rights form" and his confession after his counsel had stipulated that the confession was made voluntarily. We find no error in the procedure used.

3. In his third enumeration, Ratliff contends the trial court erred in allowing the state to introduce the pistol used and the expended bullets into evidence. There is no merit to this contention, as the pistol was obtained from Ratliff, identified by him, and the spent bullets were positively identified by the police officer who recovered them at the scene of the assaults.

4. In Ratliff's final enumeration of error, he contends the trial court erred in failing to charge the jury on what constituted a forcible felony. Page 104 of the transcript shows that the trial judge defined a forcible felony to the jury in the exact words of the definition set forth in Code Ann. § 26-401 (f), and this enumeration has no merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 2, 1979 — DECIDED JULY 12, 1979.

*Edwards, Edwards & Edwards, H. B. Edwards, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.