## 59901. MONTGOMERY v. THE STATE.

BIRDSONG, Judge.

Convicted of simple battery, rape, burglary and two counts of robbery by use of force, Glenn Leroy Montgomery appeals,

enumerating six errors. The evidence presented at the trial may be summarized as follows. On November 9, 1978, at approximately 8:30 a.m., the Cottage Shop in Savannah, Georgia was robbed. A shop employee was bound and beaten, and the proprietor was bound and raped. Items of personal property as well as merchandise were taken. On November 12, appellant was approached by Savannah police who wanted to examine a black cane with a gold-colored duck's head handle in his possession, which was similar to the one alleged to have been taken in the robbery of the Cottage Shop. Appellant lived with his mother and stepfather, and appellant's mother gave police her permission to search appellant's room, and assisted the officers conducting the search. Articles taken from appellant's room pursuant to this search were identified as being "like" items carried in merchandise at the Cottage Shop. Neither victim was able to personally identify their assailants because they were blindfolded, but the proprietor stated "two black males grabbed me . . . I could see the hand and arm, I could tell they was [sic] black." Susan Eskedor, who operated a shop "three stores down" from the Cottage Shop testified that she saw two black men "walking very fast" toward her shop at about 9:00 a.m. the morning of the robbery. She was also unable to identify appellant as one of the two black men, but she positively identified the distinctive cane as carried by one of these individuals.

1. Appellant protests the overruling of his motion to suppress evidence found in his room pursuant to the warrantless search, contending that under the landlord-tenant relationship his parents had no right to consent to the search. At the pretrial hearing on this motion, however, appellant's mother testified that appellant was not working and paid no rent, and there was considerable evidence that she and her husband were heads of the household. "[T]he voluntary consent of the head of a household to the search of premises owned or controlled by such head of the household is sufficient to authorize a search of the premises without a search warrant, and such search does not violate the constitutional prohibition against unreasonable searches and seizures." *Tolbert v. State,* 224 Ga. 291, 293 (2) (161 SE2d 279) (U. S. cert. denied 393 U. S. 1005); *Souder v. State,* 147 Ga. App. 431 (249 SE2d 146).

2. The trial court did not abuse its discretion in allowing the chief detective in charge of the case to remain in the courtroom during the trial to advise the district attorney. When the rule of sequestration was invoked and counsel for appellant objected to the detective's presence, the district attorney explained that her testimony would be limited to identification of the articles found in appellant's room because she did not investigate the scene of the

robbery, but "did the follow-up work." Obviously here, as in *Ratliff v. State,* 150 Ga. App. 695 (1) (258 SE2d 324), the prosecuting attorney needed the assistance of this detective and could not present his case in an orderly fashion if the officer testified first.

3. In his third enumeration appellant presents the ingenuous argument that it was improper to allow the testimony of Susan Eskedor because it was "unnecessarily prejudicial" to him. Not only is this contention unsupported by citation of legal authority, it is clear that the testimony of this witness was relevant, competent and essential to connect the appellant with the crime through the unusual cane she saw in the hands of one of two black males near the scene of the robbery. It is also true, that all evidence that tends to inculpate an accused necessarily is prejudicial. This enumeration is without merit.

4. The enumeration of error relating to admission of testimony of the rape victim that her assailant had no facial hair is not only without merit, it is a mere statement of what occurred at trial, the discussion is in no way supported by citation of legal authority, and consequently it will be deemed to be abandoned under Rule 15 (c) (2) of this court. See *Pierce v. State,* 243 Ga. 454, 455 (254 SE2d 838); *Kiriaze v. State,* 147 Ga. App. 832, 833 (4) (250 SE2d 568).

5. Appellant argues that a proper chain of custody was not established as to identification linking latent fingerprints taken at the Cottage Shop to prints in the FBI files. There being no evidence of tampering, the chain of custody was adequately established by the testimony of the FBI fingerprint specialist that the usual procedures were followed. *Holland v. State,* 141 Ga. App. 422 (1) (233 SE2d 497).

6. The evidence, though circumstantial, was sufficient to withstand appellant's motion for directed verdict of acquittal. *Bethay v. State,* 235 Ga. 371, 373 (1) (219 SE2d 743).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

ARGUED MAY 6, 1980 — DECIDED JULY 7, 1980 —
REHEARING DENIED JULY 24, 1980.

*James L. Pannell,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.