63112. THE STATE v. FLOYD.

QUILLIAN, Chief Judge.

The State appeals from an order granting the defendant's motion to suppress certain evidence. *Held:*

1. We find no merit to the defendant's motion to dismiss the appeal on the grounds that it was not timely. The order appealed from was filed on August 12, 1981; the notice of appeal was filed on August 17, 1981.

2. The trial judge found that certain contraband substances

were seized from the defendant's residence "without a search warrant, without consent, and without any exigent circumstances" justifying a warrantless search. The judge's findings as to lack of a warrant and exigent circumstances were clearly sustained by the evidence.

The only remaining issue concerns whether there was a consent to the search by a third party. In this regard, the United States Supreme Court has held: "[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that the permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." U. S. v. Matlock, 415 U. S. 164, 171 (1974). See Barrow v. State, 235 Ga. 635, 636 (1) (221 SE2d 416). Our court in considering this problem, in a situation where the cousin of the defendant admitted the officers into the house, has pointed out: "This appeal presents no question of law to be decided by this court. The only question is whether there was valid consent to enter the house, and this is a question of fact. If the cousin was a resident and granted permission to enter, that which followed was unquestionably reasonable within the Fourth Amendment . . .; if he had no authority to grant permission, or if he withheld such permission, the result is contra. [Cit.]" Souder v. State, 147 Ga. App. 431 (249 SE2d 146).

The trial judge's finding of no consent was based on the following facts as set forth in the order: "Upon arrival at the house the officers first knocked on the front door and got no response then knocked on the back door and again got no response. Upon hearing somebody moving and scuffling around inside the house the officers went to a window of a bedroom from where the noise was being made and knocked on the window. Again, there was no response but the officers continued to hear movement from within the house. The officers then shone a light in the window and saw a female laying [sic] in the bed. They told her to come to the door and open it, which she did. Upon being asked if Horace Floyd [the defendant] was there she first said no. The officers asked permission to come inside and she invited them in. When the officers got inside she advised them that Horace Floyd was in the bedroom. The officers went into the bedroom but did not see anyone. . . ."

As can be seen the evidence does not demand a finding that the female who permitted the officers to enter possessed "common authority over or other sufficient relationship to the premises" in order to consent to the officer's entry. In such circumstances, the judge's decision, acting as a trier of fact, can not be overturned by this

court.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

Decided January 22, 1982.

*Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellant.
*Lee P. Morgan,* for appellee.