## 65083. HAWKINS v. THE STATE.

SOGNIER, Judge.

Possession of marijuana. We granted an application for interlocutory appeal to determine if the trial court erred by denying appellant's motion to suppress evidence found in her purse.

Based on information received from two GBI agents a Whitfield County detective obtained a search warrant to search "(. . . *the premises or curtilage known as*) A green and white house trailer located approximately 50′ East of McFarland Hill Baptist Church on Brickyard Road, Whitfield County, Georgia . . ." for M.S.D., a controlled substance. At the time it was not known who owned or occupied the premises, or who might be present. Pursuant to the warrant police entered the trailer about 2:20 p.m. and found five men, three women and two children present. Appellant was standing in the kitchen with a coat on and her purse was on a kitchen table near her. Police opened her coat and made a visual check for contraband, finding nothing. A police officer interviewed appellant and determined that she was from Cleveland, Tennessee. About the same time another police officer searched appellant's purse, without her permission, and found less than one ounce of marijuana in it. The marijuana found in appellant's purse is the evidence she sought to suppress on the ground that the search of her purse without a warrant was illegal.

The only issue raised by this appeal is whether the search of the purse was authorized by the warrant to search the premises, or whether it was an unconstitutional search of appellant's person.

OCGA § 17-5-28 (Code Ann. § 27-309) provides: "In the execution of the search warrant the officer executing the same may reasonably detain or search any person in the place at the time: (1) To

protect himself from attack; or (2) To prevent the disposal or concealment of any instruments, articles, or things particularly described in the search warrant." In the instant case the warrant contained no language authorizing the search of any person present on the premises, and the state does not contend there was any independent justification for the search. The state relies solely on the warrant as authorization for the search of appellant's purse.

This court faced an almost identical factual situation in *Childers v. State,* 158 Ga. App. 613 (281 SE2d 349) (1981). In that case officers entered a residence with a search warrant for marijuana believed to be on the premises. Childers and a man were present and during the course of the search Childers' purse, which was in close proximity to her, was searched. In reversing the trial court's denial of a motion to suppress Quaalude tablets found in Childers' purse, we stated: " ' "The courts of this state have often held that searches of persons not named in a search warrant but found on the premises to be searched are illegal absent independent justification for a personal search. (Cits.) . . . Searches of a paper bag carried under a person's arm [Cit.] and of a plastic bag in a person's pocket [Cit.] have been treated as searches of the person." [Cit.]. . . .' " Id., at 614. We went on to hold: " 'Whether the police had notice that they were searching the personal effects of a visitor to searched premises must be determined on the facts of each case. . . .' 'Personal belongings brought by their owner on a visit to a friend's house retain their constitutional protection *until their owner meaningfully abdicates control or responsibility.* Appellant's placing (her purse) on the [table in the trailer] . . . does not amount to an abandonment of (her) control. Appellant maintained (her) reasonable expectation of privacy. And therefore the search of (her purse) was unreasonable and constitutionally impermissible.' (Emphasis supplied.) [Cit.]" Id., at 615.

Applying the principles enunciated in *Childers* to the instant case, we believe the police had enough notice that they were searching the personal effects of a person they had no authority to search to make the search an unreasonable intrusion into appellant's privacy. See *Hayes v. State,* 141 Ga. App. 706, 709 (234 SE2d 360) (1977). Appellant was wearing a coat and her purse was on a table beside her. The police determined that she lived in Cleveland, Tennessee, not in the trailer that was the subject of the search warrant; they also learned that the trailer belonged to two men named Mullinax and Williams, which also indicated that appellant was a visitor. Under such circumstances the search of appellant's purse was illegal and it was, therefore, error to deny appellant's motion to suppress. *Childers,* supra.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 1, 1983.

*J. W. Yarbrough,* for appellant.

*Stephen A. Williams,* District Attorney, *Elida B. Steele,* Assistant District Attorney, for appellee.