## 67764. DAUGHERTY v. THE STATE.

BENHAM, Judge.

Appellant was convicted of possession of several types of controlled substances, including less than an ounce of marijuana. In her appeal, appellant questions the trial court's denial of the motion to suppress and several other evidentiary rulings made at trial.

In his affidavit in support of his application for a search warrant for the residence of Terry Bankston, the investigating officer stated that an informant who had given reliable information in the past told him that he had seen marijuana and Quaaludes at Bankston's residence in the past 72 hours, as well as in Bankston's car. The officer reported the address of the residence he wished to search and drew a map showing the exact position of the mobile home in question. A warrant authorizing the officers to search the person and premises named for marijuana and Quaaludes then issued. When the officers executed the warrant, Bankston and appellant were in the specified residence, a mobile home owned by appellant. A brown paper sack containing LSD, pethidine, phencyclidine, and diazepam was discovered in the trailer's bedroom. Appellant's purse, also found in the bedroom, was searched and a prescription vial made out to appellant and containing marijuana and oxazepam was discovered. Based on the fruits of the search, appellant was accused in five indictments and an accustion of possession of the various controlled substances.

1. Appellant argues that the search warrant was void due to an alleged lack of reliable informants. We disagree. The two-prong Aguilar-Spinelli test of informant reliability and basis of knowledge has been supplanted by the "flexible common sense standard" adopted by the U. S. Supreme Court in Illinois v. Gates, ___ U. S. ___ (103 SC 2317, 76 LE2d 527) (1983). Looking at the totality of the circumstances, it is apparent that the judge issuing the warrant had a substantial basis for concluding that probable cause to search Bankston's residence and car existed. That being so, it was not error to issue the search warrant. Id., 76 LE2d 527, 553.

2. Appellant also claims that the search warrant is a general warrant, "one which does not sufficiently specify the place or person to be searched," and is therefore void. See *Willis v. State*, 122 Ga. App. 455 (177 SE2d 487) (1970). However, perusal of the search warrant reveals that it authorized the searches of a specific residence, car, and person. "A search warrant is not invalid for want of description of the prem-

ises to be searched if the description sufficiently permits a prudent officer executing the warrant to locate the place definitely and with reasonable certainty, and without depending upon his discretion. [Cits.] If a search warrant, read as a whole, 'points out the place to the exclusion of all others, and on inquiry leads the officers unerringly to it,' it meets the description requirement. [Cits.]" *Chambless v. State*, 165 Ga. App. 194 (1) (300 SE2d 201) (1983). The search warrant in the present case having more than met the *Chambless* requirements, it was not assailable as a general warrant.

3. Appellant also objects to the search of her person on the ground that she was not named in the warrant. Even if the search of appellant was unlawful, it would not have been error to deny the motion to suppress since no contraband was discovered in the search of appellant's person.

4. Appellant also claims that the search of her purse, in which the marijuana and oxazepam was discovered, was unauthorized because she was not named in the search warrant, and the purse was obviously not a possession of Bankston, the person named in the warrant. A similar argument was unsuccessfully made in *Chester v. State*, 162 Ga. App. 10 (1) (290 SE2d 117) (1982). This case, like *Chester*, can be distinguished from cases such as *Hawkins v. State*, 165 Ga. App. 278 (300 SE2d 224) (1983); *Childers v. State*, 158 Ga. App. 613 (281 SE2d 349) (1981); and *Hayes v. State*, 141 Ga. App. 706 (234 SE2d 360) (1977), inasmuch as the latter cases concerned visitors on the searched premises and not the owner thereof.

5. Further, we note that the credibility of the officer who applied for and executed the search warrant was a matter for the trier of fact and cannot be successfully attacked in this court. *Rogers v. State*, 155 Ga. App. 685 (2) (272 SE2d 549) (1980).

6. Appellant's remaining enumerated errors are unsupported by argument or citation of authority and are therefore deemed abandoned. Court of Appeals Rule 15 (c) (2); *McCormick v. State*, 152 Ga. App. 14 (4) (262 SE2d 173) (1979).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 25, 1984.

*Gwynn M. Adcock*, for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney*, for appellee.