### 70916. GANN v. THE STATE.
(334 SE2d 716)

BANKE, Chief Judge.

The appellant was tried and convicted of kidnapping and aggravated assault. On appeal, he contends that the trial court should have granted his pre-trial motion for severance on the ground that his defense to the charges was antagonistic to that of a co-defendant who was tried with him and that the court should have sustained his objection to a knife which was admitted as evidence. *Held*:

1. The existence of antagonistic defenses does not, by itself, require separate trials. See *Whitlock v. State*, 148 Ga. App. 203 (2) (251 SE2d 59) (1978). The requesting defendant must show that actual

prejudice resulted from the failure to sever. See *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). The appellant and the co-defendant in question both admitted their involvement in the crimes but testified that they had participated because of the influence of another individual, who was to be tried separately. Under the circumstances, we conclude that the trial court properly exercised its discretion in denying the motion. Accord *Baker v. State*, 238 Ga. 389 (233 SE2d 347) (1977).

2. The defendant's contention that the court erroneously admitted the knife without a showing of chain of custody is patently without merit. One of the victims identified the knife in question as having been used by the defendant during the crimes and further testified that she had purchased it for him at a flea market. Moreover, the defendant admitted in his testimony that during the commission of the crimes he was in possession of a knife similar to the one in question. "[W]hether the one admitted into evidence was the one actually used or was only similar to the knife used by the defendant makes no material difference." *Davis v. State*, 230 Ga. 902, 905 (199 SE2d 779) (1973).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*William R. Wilburn*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.