A89A0485. WRIGHT v. THE STATE.
(381 SE2d 587)

SOGNIER, Judge.

Roosevelt Wright was convicted of trafficking in cocaine and giving a false name to a law enforcement officer, and he appeals.

Appellant contends the trial court erred by denying his motion to suppress because the search was warrantless and he did not consent to a search of his person. The evidence adduced at the hearing on the motion to suppress showed that Paul J. Markonni and Gil J. Lollimere, special agents of the DEA, saw appellant deplane at Atlanta's airport from a flight from Miami. Noting that Miami is a known drug source city; that appellant was carrying a small tote bag which appeared to be almost empty; that his clothing was rumpled and disheveled as though he had worn it for several days; that his shirttails were not tucked in despite the fact that he was wearing a waist length

jacket, which in the agents' experience was a common practice among drug couriers who conceal packages of drugs on their persons; and that the area under his shirttails seemed puffier than normal for a man his size, the agents decided to stop appellant for a brief investigation.

As appellant was en route to the gate for his connecting flight to Raleigh, North Carolina, Agent Markonni stopped him, identified himself, and asked appellant for his ticket. It was a one-way cash ticket in the name of James Green, with no baggage claim tickets attached. Markonni testified that he asked appellant his name, which appellant claimed was James Green. When asked for a driver's license or other identification, appellant said he had none. Markonni testified he then told appellant that he and Lollimere were narcotics agents looking for drugs and asked if he would cooperate and allow them to search him and his tote bag, and that appellant "immediately said, go ahead." Markonni suggested they move to someplace less public, and appellant acceded. Markonni testified that when they arrived at a more private area, he asked appellant again, "is it still okay to go ahead and search you and your bag? And, [appellant] responded, go ahead." Appellant handed Markonni the bag, which he in turn handed Lollimere, who began searching it. A North Carolina identification card in appellant's true name was found in the bag, as well as a large quantity of small plastic bags, which Markonni testified were commonly used to package small amounts of cocaine for sale. Markonni testified he then again asked appellant "can I go ahead and search you? And, at that point [appellant] didn't respond but he raised his arms up away from his sides and I started conducting a patdown search of his person." A large package of powder was found in his right front trouser pocket, which later proved to contain 47.8 grams of cocaine base ("crack") with a purity of 83 percent and 28.2 grams of cocaine hydrochloride with a purity of 77 percent.

Appellant admitted traveling from Miami under the false name James Green but denied he had told Markonni that was his name. He testified that Markonni had neither asked him what his name was, nor asked if he could search his person, but simply asked if he could search the tote bag, to which appellant replied he could. Appellant admitted flying to Miami under a different name, James Johnson, because his friend James Johnson had bought the ticket for him in Raleigh, and testified that a friend had given him the cocaine in Miami "to help me out in my bills and stuff," but he did not know what he was going to do with it when he got back to North Carolina. He testified he purchased the plastic bags in Miami for his wife's jewelry business. He could not remember various prior arrests and convictions.

The only issue in this case is whether appellant freely and voluntarily consented to a search of his person, which is a question of fact.

See *State v. Floyd*, 161 Ga. App. 49, 50 (289 SE2d 8) (1982); *Souder v. State*, 147 Ga. App. 431 (249 SE2d 146) (1978). The trial court found that appellant did consent to a search of his person because it found Markonni's testimony to be more credible than appellant's. " '(U)nless the factual or credibility findings of the trial court on the motion to suppress are shown to have been clearly erroneous, those findings must be accepted by this court. (Cits.)' [Cit.]" *Durden v. State*, 187 Ga. App. 433, 434 (2) (370 SE2d 528) (1988). We do not find the trial court's finding to be clearly erroneous, and consequently affirm the judgment of the trial court.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 19, 1989.

*James W. Studdard*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.