A92A1585. MINTER v. THE STATE.
(426 SE2d 169)

COOPER, Judge.

In a multi-count indictment, appellant was charged with one count of trafficking in cocaine and three violations of the Georgia Controlled Substances Act. Appellant appeals from his conviction, raising as error the denial of his motion to suppress.

The evidence adduced at the hearing on appellant's motion to suppress reveals that on July 18, 1991, a search warrant was issued authorizing the search and seizure of "the entire premises, located at 1608 Chase Village Drive, Jonesboro, Clayton County, Georgia, an apartment at Chase Village Apartments on Battlecreek Road. A white male known as Michael Paul Minter, Jr., height 5'8", weight 155 pounds, brown hair and brown eyes, and a black chevrolet S-10 pickup with dark tinted windows, a toolbox in the back, a plastic bed liner, chrome rear bumper and Georgia tag number RS7882." During the execution of the search warrant, officers seized 11.7 ounces of marijuana, 63.3 grams of cocaine, methamphetamines and benzphetamine from appellant's person and in the toolbox on the bed of appellant's pickup truck.

1. Appellant argues that his motion to suppress should have been granted because the search warrant was a general warrant. "The U. S. and Georgia Constitutions guarantee the right to our citizens to be secure from unreasonable searches and seizures, and that no warrant shall issue except upon probable cause 'particularly describing the place to be searched, and the persons or things to be seized.' [Cit.]

This requirement for particularity forbids the issuance of general exploratory warrants. [Cit.] 'A general warrant is of course void. By definition it is "one which does not sufficiently specify the place or the person to be searched." ' [Cit.]" *Collins v. State*, 187 Ga. App. 430, 431 (370 SE2d 648) (1988). " 'A search warrant is not invalid for want of description of the premises to be searched if the description sufficiently permits a prudent officer executing the warrant to locate the [premises, person or property] definitely and with reasonable certainty, and without depending upon his discretion. (Cits.) If a search warrant, read as a whole, "points out the [premises, person or property] to the exclusion of all others, and on inquiry leads the officers unerringly to [them]," it meets the description requirement. (Cits.)' [Cit.]" *Daugherty v. State*, 171 Ga. App. 95, 96 (2) (318 SE2d 803) (1984). We conclude that the search warrant defined the person, premises, and vehicle to be searched with sufficient particularity and was not subject to attack as a general warrant.

2. Appellant also contends that the search warrant was void because it authorized the search and seizure of "the person, premises *or* property described above." (Emphasis supplied.) Appellant argues that the use of the word "or" gave the officers unbridled discretion in what to search. We do not agree. The warrant clearly authorized the search of appellant, his vehicle and residence. Furthermore, the warrant was such that a reasonably prudent officer would be able to locate the person, premises and property and know that he had authority to search those places without depending on his discretion. All of the items seized were found in areas where the officers were authorized to search pursuant to the warrant. We find no merit to appellant's argument. See *Daugherty*, supra at 96.

3. In his third enumeration of error, appellant contends that the trial court erred in entering a judgment on the basis of the evidence seized during the execution of the search warrant. For the reasons discussed in Divisions 1 and 2 above, we find no merit to this enumeration of error. We also note that " ' "[u]nless the factual and credibility findings of the trial court on the motion to suppress are shown to have been clearly erroneous, those findings must be accepted by this court. (Cits.)" (Cit.)' [Cit.]" *Wright v. State*, 191 Ga. App. 371 (381 SE2d 587) (1989).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 14, 1992 —
RECONSIDERATION DENIED DECEMBER 9, 1992.

*Paul S. Weiner*, for appellant.
*Robert E. Keller*, District Attorney, *Albert B. Collier*, Assistant

*District Attorney*, for appellee.