## A94A0025. BRADLEY v. THE STATE.

(444 SE2d 842)

Cooper, Judge.

Defendant entered a plea of nolo contendere to the charge of possession of marijuana, expressly reserving the right to appeal the denial of his motion to suppress.

Based on information supplied by a reliable confidential informant regarding alleged drug activity involving Wallace Majure III, the police sought a warrant to search Majure and the premises at "1512 Winterspark Drive" in DeKalb County. The affidavit submitted to the magistrate listed the location to be searched as "1512 Winterspark Drive." However, in the search warrant, the subject premises was listed as 1412 Winterspark Drive in DeKalb County. The police actually executed the search at 1512 Winters Park Drive in DeKalb County, a residence in which appellant had a room. After the police gained entry into the house, defendant and Majure were held in the living room during the search. Defendant told the police he lived in the residence, and the police asked defendant for identification. Defendant indicated that his identification was in a pouch or wallet. Detective Blake went to defendant's room, located a camera bag and brought the bag back to the living room where it was opened. Inside the bag, the police found approximately $3,600, defendant's wallet, defendant's passport, defendant's prescription medication, a camera and a small quantity of marijuana. The police also seized several thousand dollars and a pound of marijuana from Majure's bedroom.

During the hearing on the motion to suppress, defendant argued to the trial court that, in addition to the issues raised in the written motion, the search warrant was also deficient because of the difference between the address listed on the affidavit and the address on the face of the warrant. This issue was not previously raised in defendant's written motion to suppress. Defendant also sought to amend the motion to add a prayer for the return of defendant's personal property seized by the police pursuant to OCGA § 17-5-30. The trial court ruled that the hearing would be confined to the issues raised in the written motion and that the State had not been given adequate notice of defendant's intention to seek the return of his property.

1. Defendant enumerates as error the denial of his motion to suppress. Defendant contends the search warrant was invalid because the premises was not described with sufficient particularity since the address on the warrant was incorrect. A copy of the search warrant was attached to defendant's motion to suppress filed on November 5, 1992, and the hearing was held on January 8, 1993. "OCGA § 17-5-30 requires that a motion to suppress be in writing and state facts showing that the search and seizure were unlawful. . . . [Defendant] had

ample opportunity to review the warrant in advance of the hearing and assert an incorrect address as a defect in his motion to suppress; certainly [defendant] would be in the best position to know if the address on the warrant were incorrect, as it was his own address. Because the issue was not raised in the motion to suppress and the state was not properly placed on notice that this issue would be raised at the hearing on the motion, the objection must be deemed waived." (Citations and punctuation omitted.) *State v. Armstrong*, 203 Ga. App. 159, 160 (1) (416 SE2d 537) (1992).

Defendant also contends there was no probable cause for the search of his room because he was not named in the affidavit or the search warrant nor did the confidential informant mention defendant in connection with Majure's drug activities. Thus, the search of his room was a prohibited general search. Similar arguments were unsuccessfully made in *Daugherty v. State*, 171 Ga. App. 95 (4) (318 SE2d 803) (1984) and *Chester v. State*, 162 Ga. App. 10 (1) (290 SE2d 117) (1982). " 'The courts of this state have often held that searches of persons not named in a search warrant but found on the premises to be searched are illegal absent independent justification for a personal search.' " *Blount v. State*, 181 Ga. App. 330, 333 (4) (352 SE2d 220) (1986). The State does not contend there was any independent justification for the search of defendant's camera bag but relies solely on the warrant as authorization for the search. "[T]he police are entitled to assume that all objects within premises lawfully subject to search under a warrant are part of those premises for the purpose of executing the warrant." (Citations and punctuation omitted.) Id. at 334. Since defendant was a resident of the suspect locale, the warrant was a sufficient basis for the search of defendant's camera bag. See id. at 334-335; *Daugherty*, supra at 96; *Chester*, supra at 11.

Relying on *Newby v. State*, 161 Ga. App. 805 (1) (288 SE2d 889) (1982), defendant contends that the search was an impermissible general search because he was not named in the warrant and his living quarters were separate from the rest of the premises. We disagree. In *Newby*, this court determined that the subject premises, located in a dwelling with multiple units, was sufficiently described in the warrant because the warrant specifically stated, in addition to the street address, that the warrant was " 'requested for the above residence where Michael Newby rents a room.' " Id. at 806. In the instant case, the confidential informant reported that there was drug activity involving Majure at 1512 Winterspark Drive. At that time, it was believed that the premises was occupied by Majure, and Majure was found on the premises with a substantial amount of contraband. However, there was no evidence that the subject premises was a multiple dwelling unit which would necessitate the police obtaining a separate warrant for each separate unit to be searched. Compare *Miller v. State*, 126

Ga. App. 847 (2) (191 SE2d 883) (1972); *Jones v. State*, 126 Ga. App. 841 (192 SE2d 171) (1972). Moreover, after the police gained entry, there was no indication that defendant maintained a separate residence on the premises, nor was such evidence adduced at the hearing, e.g., by evidence of rent payments by defendant. Accordingly, the trial court did not err in denying defendant's motion to suppress.

2. We need not consider defendant's second enumeration of error concerning his prayer for the return of his personal property since it was contingent upon our finding that the court erred in denying his motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 25, 1994 —
RECONSIDERATION DENIED JUNE 8, 1994.

*Spruell & Dubuc, Billy L. Spruell, Melinda D. Taylor*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Michael M. Hawkins, W. Cliff Howard, Yvonne A. Twyman-Williams, Assistant Solicitors*, for appellee.