## A96A0454. SMITH v. THE STATE.
### (472 SE2d 503)

ANDREWS, Judge.

A Bibb County jury convicted William C. "Spud" Smith, Jr., of one count of "omission to practitioner" (OCGA § 16-13-43 (a) (6)), in that he obtained from one physician a prescription for a powerful Schedule II painkiller called hydrocodone but withheld from that doctor the fact that he had, in the same time period, obtained from another doctor a prescription for a different brand of the same drug. His sole ground of appeal is the trial court's failure to grant his motion to suppress evidence he claims led to the conviction. Because we find this conviction was not based on any evidence which Smith sought to suppress, we affirm the trial court's judgment.

Smith was tried on two joined indictments. The first charged him with possession of Percocet, Valium, Dilaudid, and Vicodin with intent to distribute and with possession of burglary tools. The second indictment contained seven counts of omission to practitioner. The trial court granted him directed verdicts on all but one of the "omission to practitioner" counts and on the charge of possessing burglary tools. The jury acquitted on all remaining counts except the one "omission to practitioner" charge.

Smith based his motion to suppress on alleged irregularities in a search of his car and motel room by Macon police on August 2, 1994. He sought to exclude the drugs seized in those searches, as well as "all seized items, things, and testimony."

Smith's conviction on the charge of "omission to practitioner" resulted from the testimony of two of Smith's physicians and two pharmacists who filled his prescriptions. That evidence showed that on April 21, 1994, Smith obtained from one doctor a prescription for 60 tablets of Lorcet Plus (hydrocodone), a Schedule II drug. On April 23, 1994, Smith filled a prescription for that amount of this drug.

Smith obtained another prescription for hydrocodone on April 25, 1994 from another doctor but did not tell that doctor he had already obtained 60 tablets of the drug just two days before. He filled this second prescription a week later.

1. First, we note Smith made no objection to this testimony at trial on any of the constitutional grounds he raises in this appeal. "Only tangible physical evidence is subject to motions to suppress. . . . [T]estimony is outside the scope of a motion to suppress[ ] and should be objected to on the trial." (Citations and punctuation omitted.) *Stephenson v. State*, 171 Ga. App. 938, 939 (321 SE2d 433) (1984); see also *Robinson v. State*, 208 Ga. App. 528, 530 (2) (430 SE2d 830) (1993); *Bradshaw v. State*, 163 Ga. App. 819, 820 (1) (296 SE2d 119) (1982). Smith's motion to suppress cannot be deemed a motion in limine to exclude this testimony, so he has failed to preserve any objection to it. See *Bradley v. State*, 213 Ga. App. 468 (1) (444 SE2d 842) (1994).

2. Even assuming the court erred in failing to grant Smith's motion to suppress, the record clearly shows this testimony is no "fruit of the poisonous tree." At the time of the search, Smith was on probation for selling prescription drugs, and for several months before the search Macon police had suspected him of continuing that practice. He was convicted based upon evidence and testimony obtained by subpoena from his physicians and pharmacists, not upon any materials seized.

Because this evidence was adduced independently of the searches and seizures, "any error which may have been committed in denying the motion to suppress was harmless." *Norris v. State*, 176 Ga. App. 164, 168 (7) (335 SE2d 611) (1985). "[E]ven if [this] evidence would not have been discovered but for the [allegedly] illegal police conduct, [because] the derivative evidence has only an attenuated link to the [alleged] illegality, it need not be suppressed." *Ruffin v. State*, 201 Ga. App. 792, 793 (2) (412 SE2d 850) (1991) (citing *Wong Sun v. United States*, 371 U. S. 471, 487 (83 SC 407, 9 LE2d 441) (1963)). See also *Lewis v. State*, 180 Ga. App. 890, 892 (3) (351 SE2d 100) (1986), holding that "[p]roof of the same fact by legally admissible evidence renders harmless admission of incompetent or inadmissible evidence." As the validity of the searches and seizures is immaterial to the conviction, we need not address that issue.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JUNE 7, 1996.

*Althea L. Buafo*, for appellant.
*Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Laura*

*D. Hogue, Assistant District Attorneys*, for appellee.