## A07A0288. MAXWELL v. THE STATE.
### (647 SE2d 374)

MIKELL, Judge.

An Elbert County jury convicted Willie Ralph Maxwell of two
counts of burglary, and the trial court sentenced him to twenty years,
ten to serve and ten on probation. On appeal from the denial of his
motion for new trial, Maxwell enumerates one error; namely, that the
trial court erred in denying his motion to suppress evidence.[1] In its
order denying Maxwell's motion for new trial, the trial court correctly
ruled that the motion to suppress was moot because no tangible
physical evidence was admitted at trial. Thus, we affirm Maxwell's
conviction. Because the trial court's order recounts the evidence
adduced at trial and during the suppression hearing, we set it forth
below:

> On October 11, 2002, the Defendant broke into the home of
> William Phillip Duncan on the Hartwell Highway in Elbert
> County by kicking in the front door. The Defendant took
> items from the residence including packs of meat, bedding,
> clothing[,] and a set of car keys. The Defendant took these
> items and placed them in his van.
>
> The Defendant then traveled to a second home within four
> miles of the Duncan home and also on the Hartwell High-
> way. The Defendant at first knocked on the door and when he
> received no response[,] he kicked the door down. Inside the

---

[1] The motion was untimely filed on the eve of trial, OCGA § 17-7-110, but the court elected
to consider it on the merits.

home was Frances Lunsford. When the Defendant saw Ms. Lunsford, he left the house. The Defendant got in his van and turned south on the Hartwell Highway toward Elberton. Ms. Lunsford's [family] telephoned the Sheriff's Department to alert them of the vehicle.

An Elberton Police Officer[, Andy Elder,] then received the lookout for the red or maroon van. Within seven minutes, the officer stopped the van[,] which was traveling south on one of two roads coming into Elberton from the Hartwell Highway. The officer waited for a deputy to arrive. The Defendant was questioned and denied involvement. He was then released. Nothing was searched and nothing was seized from the Defendant. The Defendant was told he could not drive his van because he did not have a valid license. The Defendant parked his van in the McDonald's parking lot.

The Defendant went to a nearby poolroom. At the Defendant's request, a friend drove the van across the street and parked it behind a closed business.

Around this time, Mr. Duncan discovered that his home had been burglarized. Mr. Duncan reported to the Sheriff's office what had been taken. The Deputy[, Scott Marunich,] recalled seeing the same items described in the Defendant's vehicle earlier that evening. The Deputy went to McDonald's and did not find the van. He then searched the area and found the van behind the closed store. The side door on the van was open and someone was seated in the doorway. That person quickly left, leaving the door open. The Deputy then found the items from the Duncan burglary in plain-view which were later identified by Mr. Duncan.

The Deputy tried to find the Defendant[,] including in the restaurant. The vehicle was towed and inventoried at the Sheriff's Department. The Defendant was arrested two weeks later. . . .

The Defendant has alleged as error . . . that the Court . . . failed to grant his motion to suppress items found during the stop and search of his vehicle. However, the motion to suppress is moot because the only exhibits presented at trial were related to his statements to law enforcement several weeks after his arrest.

Only tangible physical evidence is subject to motions to suppress. *Shaw v. State*, 247 Ga. App. 867[, 869 (1) (545 SE2d 399)] (2001). The only . . . evidence at trial regarding the stop and search of the van was testimonial evidence from the officers.

Even if the trial court had granted the motion to suppress, the ruling does not constitute a ruling that all testimony related to the seized vehicle is inadmissible. *Walker v. State*, 277 Ga. App. 485[, 488 (3) (627 SE2d 54)] (2006). Furthermore, there were no objections made at trial regarding the officers' testimony[,] nor was there any pretrial motion in limine. The failure of the Defendant to object to the evidence at the time of its introduction upon the trial was a waiver of any illegal search and seizure. *Horton v. State*, 269 Ga. App. 407[, 409 (1) (604 SE2d 273)] (2004). See also *Glidewell v. State*, 279 Ga. App. 114[, 121 (6) (630 SE2d 621)] (2006).

Furthermore, the stop made by Officer Elder was a valid Terry[2] stop. Officer Elder had the 911 call which indicated a burglary, that a red or maroon van was involved[,] and that the direction of travel was toward Elberton on Highway 77 from the north. Seven minutes after this call, Officer Elder saw a vehicle which was traveling in a consistent direction at a time that was consistent with the call.

This Court may consider the evidence at trial as well as during the hearing. *Wesson v. State*, 279 Ga. App. 428[, 431 (2) (631 SE2d 451)] (2006). Also, Deputy Marunich's articulable suspicion can be attributed to Officer Elder because of the collective knowledge doctrine. *State v. Hester*, 268 Ga. App. 501[, 504, n. 6 (602 SE2d 271)] (2004). Deputy Marunich knew that the driver's description matched his description of a black male and that the information came not from an anonymous tip but the actual witnesses of the crime. The Defendant was released and nothing was seized.

Later, the Deputy found the van again behind a closed business with a door open. The Deputy found in plain view the comforter and the set of keys. Under the automobile

---

[2] *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

exception, the Deputy could search the vehicle. [3] Furthermore, the vehicle was in an abandoned and unsecured state. As such the Deputies were permitted to impound the vehicle and inventory its contents.

Furthermore, the evidence presented by the State was sufficient to authorize a rational trier of fact to find Defendant guilty beyond a reasonable doubt of two counts of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

On appeal from this order, Maxwell argues, inter alia, that he did not waive his right to assert as error the denial of his motion to suppress evidence because the trial court heard his "motion in limine that any testimony regarding evidence obtained after the initial stop be suppressed also. This was made clear also by defendant's renewing of the motion to suppress at the close of the state's case." Maxwell's assertions are belied by the record. His motion was denominated as a motion to suppress and was referred to as such at all times during the suppression hearing and at trial. As the trial court ruled, "[o]nly tangible physical evidence is subject to motions to suppress. Testimony is outside the scope of a motion to suppress and should be objected to on the trial."[4] Maxwell's motion to suppress cannot be deemed a motion in limine to exclude testimony regarding evidence obtained after the initial stop, and Maxwell failed to object to any such testimony. Thus, he has waived any objection to it for the purpose of appeal.[5]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 5, 2007.

*Jana M. Whaley*, for appellant.
*Robert W. Lavender, District Attorney*, for appellee.

---

[3] See *Benton v. State*, 240 Ga. App. 243, 246 (2) (522 SE2d 726) (1999) (probable cause to believe vehicle contained contraband justified warrantless search under the automobile exception).

[4] (Punctuation omitted.) *Shaw*, supra, citing *Smith v. State*, 221 Ga. App. 670, 671 (1) (472 SE2d 503) (1996). See also *Walker*, supra ("a pretrial motion in limine may be employed to seek a ruling on the admissibility of the testimonial evidence") (citations omitted).

[5] *Smith*, supra.